TIGRAN MARTINIAN, ESQ.
CSB#: 247638
Martinian & Associates, Inc.
2801 Cahuenga Boulevard West
Los Angeles, California 90068
Telephone: (323) 850-1900
Email: *tm@martinianlaw.com*

Attorney for Defendant,
EDWARD BADALIAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

     **Plaintiff**

                      **Case Number: 21-cr-246**

**DANIEL JOSEPH "DJ" RODRIGUEZ,**
**(Counts 1, 2, 3, 4, 6, 7, 8, 10)**

**EDWARD BADALIAN**
**(Counts 1, 2, 3, 10)**

     **Defendants.**
_____/

## EDWARD BADALIAN'S MOTION TO SEVER DEFENDANTS

COMES NOW the Defendant, EDWARD BADALIAN, by and through his

undersigned attorney, and, pursuant to Rule 14 of the Federal Rules of Criminal

Procedure, moves to sever his case from that of the co-defendants', and as grounds

in support of this motion states that:

1) The redacted indictment alleges that Defendants Rodriguez and Badalian

created a Telegram group chat, the "PATRIOTS 45 MAGA Gang;" that they used this group chat as a platform to advocate violence against certain groups and individuals; they traveled from California to Washington, D.C. to join with others in the January 6, 2021 Capitol riot, and that they did, in fact, participate in the riot.

2) The indictment alleges that Mr. Badalian made the following posts to the Patriots 45 site:

   a) "who is down to drive to DC on Jan 4?"

   b) "we need to violently remove traitors" (There being any reference to who the "traitors" were, or whether "traitors" was simply a general reference to persons who met a colloquial, dictionary or statutory definition of the term).

   c) "...Mitch McConnell can do the override..." (of the electoral count).

   d) "we don't want to fight antifa..."

   e) Mr. Badalian posted a flyer in the PATRIOTS 45 group chat showing a map and "rally points" "to connect patriot caravans to Stop The Steal in D.C."

3) With respect to Rodriguez, the indictment alleges Rodriguez posted to the PATRIOTS 45 group chat:

   a) "we gotta go handle this shit in DC..."

b) "Congress can hang. I'll do it. Please let us get these people dear God."

c) "There will be blood";

d) "Omg I did so much fucking shit m and got away tell you later" and "Tazzized the fuck out of the blue[.]"

4) The indictment additionally alleges that Rodriguez told a person that he would "assassinate Joe Biden" if he got the chance and "would rather die than live under a Biden administration;" that Rodriguez pushed against Capitol Police Officers; repeatedly TASED another police officer, causing the Officer to lose consciousness and be hospitalized for his injuries; threw a flagpole at the police line in the doorway and deployed a fire extinguisher at the officers; attempted to break a window in an office in the Capitol Building by slamming a flagpole repeatedly into the window, causing damage to the window in excess of $1,000; verbally encouraged other rioters to look for "intel" in the office; opened bags in the office, rifled through papers on the desks, and subsequently removed emergency escape hoods from the bags; carried and used a deadly and dangerous weapon: an electroshock weapon and a flagpole.

5) Rule 8(b) states that "[t]wo or more defendants may be charged in the same

indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." Zafiro v. United States, 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*, (quoting *Marsh*, 481 U.S. at 210).

6) But Rule 14 of the federal Rules of Criminal Procedure recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government. *Id*. at 538. Thus, the Rule provides:

> "[I]f it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." *Id*.

7) In interpreting Rule 14, the Courts of Appeals frequently have expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some circumstances as to mandate severance. *Id*. (citing *United States* v. *Benton*, 852 F.2d 1456, 1469 (CA6), cert. denied, 488

U.S. 993 (1988); *United States* v. *Smith*, 788 F.2d 663, 668 (CA10 1986); *"United States v. Keck*, 773 F.2d 759, 765 (CA7 1985)); *United States* v. *Magdaniel-Mora*, 746 F.2d 715, 718 (CA11 1984); *United States* v. *Berkowitz*, 662 F.2d 1127, 1133-1134 (CA5 1981); *United States* v. *Haldeman*, 181 U.S. App. D.C. 254, 294-295, 559 F.2d 295, 559 F.2d 31, 71-72 (1976), cert. denied, 431 U.S. 933 (1977)).

8) For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. *Id*. at 539. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. *Id*. (citing See *Kotteakos* v. *United States*, 328 U.S. 750, 774-775 (1946)). Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. *Id*. (citing *Bruton* v. *United States*, 391 U.S. 123 (1968)). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. *Id*. (citing *Tifford* v. *Wainwright*, 588 F.2d 954 (CA5 1979) (*per curiam*)). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed in *Zafiro*. *Id*.

When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary. *Id*.

9) The scope and level of violence threatened, encouraged and used by Rodriguez prior to and during the attack on the Capitol, particularly his Tazing a Capitol Police Officer, and his post threatening to hang members of Congress and assassinate the President of the United States was extreme, extensive, and shocking. There is neither evidence of nor an allegation that Mr. Badalian participated in any of Rodriguez's acts or threats of violence against the President and the Capitol Police. The worst that can be said of Mr. Badalian, is he *claimed* to have attacked a rioter who he believed was a member of ANTIFA. Given the gravity of Rodriguez's violence and threat to assassinate the President, and its shocking effect on any reasonable person, it is *highly* likely that the trier of fact will associate Rodriguez's acts and his degree of culpability with Mr. Badalian, and that, as a consequence, could lead a jury to conclude that Mr. Badalian is guilty**.**

WHEREFORE, the defendant, EDWARD BADALIAN, respectfully requests this Honorable Court enter its Order severing Mr. Badalian's case from his co-defendants'.

**I HEREBY CERTIFY** that on the 25th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kimberly Paschall, Assistant U.S. Attorney, Tara Ravindra Assistant U.S. Attorney.

Respectfully submitted,

s/ Tigran Martinian

**TIGRAN MARTINIAN, ESQ.**
CSB#: 247638
Attorney for Defendant Badalian
Martinian & Associates, Inc.
2801 Cahuenga Boulevard West
Los Angeles, California 90068
Telephone: (323) 850-1900
Email: *tm@martinianlaw.com*

Attorney for Defendant,
EDWARD BADALIAN