## CONSPIRACY – COUNT ONE

## 18 U.S.C. § 371

To find the defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:[1]

1. First, from on or about December 19, 2020, until on or about January 19, 2021, an agreement existed between two or more people to commit the crime of obstruction of an official proceeding or tampering with a record, document, or object;

2. Second, the defendant knowingly and intentionally joined in the agreement, with intent to achieve the unlawful object of the conspiracy; and

3. Third, one of the people involved in the conspiracy took an overt act for the purpose of carrying out the conspiracy.

A conspiracy is an agreement by two or more persons to join together to accomplish some unlawful purpose.

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either explicitly or implicitly, to work together to achieve the overall objectives of the conspiracy. It does not need to prove the existence of a formal or written agreement, an express oral agreement, or a meeting at which all of the details were agreed upon or discussed. But merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists. What the United States must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful. But proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself.

---

[1] The Court has considered the parties' submission, and this language is largely based on Redbook Instruction 7.102, 2020 Edition, and Final Jury Instructions, *United States v. Rhodes, et. al,* 22-c5-00015 (APM) [Dkt. 396]. The language is truncated somewhat to reflect the fact that this is a bench trial and not a jury trial.

The second element is whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives. The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

Unlawfully means contrary to law; a defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of the objectives.

A defendant must have joined the conspiracy knowingly and intentionally; an act is done knowingly and intentionally if it is done deliberately and purposely, and it is not the product of a mistake or accident.

It is not necessary to find the defendant agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.

The third element is that the government must prove that one of the members of the conspiracy took an overt act to accomplish some object of the conspiracy.

In determining whether a conspiracy between two or more persons existed and whether each defendant was one of its members, the factfinder may consider the acts and the statements of any other members of the conspiracy as evidence against all of the defendants whether done in or out of their presence while the conspiracy existed.

Count One charges the defendant with conspiring to achieve two separate goals or objects: (1) to stop, delay or hinder Congress's Certification of the Electoral College vote, or (2) to corruptly alter, destroy, mutilate and conceal a record, document, or other object to prevent

evidence of their unlawful acts on January 6, 2021 from being used in an official proceeding, that is, the grand jury investigation into the attack of the Capitol on January 6, 2021. The United States is not required to prove both goals of the conspiracy, but it must prove at least one of those two goals beyond a reasonable doubt.

**TAMPERING WITH DOCUMENTS OR PROCEEDINGS – COUNT THREE**

**18 U.S.C. § 1512(c)(1)**

**The elements of this offense, each of which the government must prove beyond a reasonable doubt, are:**

> First, that the defendant altered, destroyed, mutilated or concealed, or attempted to alter, destroy, mutilate, or conceal, a record, document or other object;
>
> Second, the defendant acted with the intent to impair the object's integrity or availability in an official proceeding;
>
> [Third, that the defendant knew or should have known that the official proceeding was pending or likely to be instituted and acted with awareness that the natural and probable effect of his conduct would be to obstruct or impede that proceeding;][1]
>
> Fourth, that the defendant acted corruptly;
>
> Fifth, that the official proceeding was a federal proceeding.

In connection with the first element, the United States must prove that the defendant committed an act or that he "attempted" to do so. To attempt means that the defendant had the intent to do the act and took a substantial step towards completing it. It would not be enough to show merely that the defendant thought about it. The government must prove beyond a reasonable doubt that the defendant's mental state passed beyond the state of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If the government proves that either that the defendant committed the act or attempted to commit it, the first element is satisfied.

In connection with the second and third elements, the statute requires that the obstructive

---

1   The Court recognizes that the government did not propose an element requiring proof that the defendant acted "knowingly;" that it was defendant Rodriguez and not Badalian who proposed adding a knowledge element; and that no party proposed that the "nexus" requirement necessary for a violation of 18 U.S.C. §1512(c)(2), *see Arthur Anderson LLP v. U.S.,* 544 U.S. 696, 707-08, citing *United States v. Aquilar,* 515 U.S. 593, 599-600 (1995), was an element of Count Three, which alleges a violation of §1512 (c)(1), not (c)(2). The Court is also aware that *Aquilar* imposed the requirement in connection with 18 U.S.C. §1503, and not §1512, but that did not inhibit the Supreme Court from characterizing *Arthur Anderson* as a "similar" situation. The Court is of the view that including the bracketed language is advisable in an abundance of caution, and if either side objects, they may submit points and authorities in writing.

conduct be connected to a specific official proceeding. The official proceeding that is alleged to be the object of Count Two is a federal grand jury proceeding resulting from the January 6 breach of the U.S. Capitol.

The law does not require proof that the official proceeding was actually pending, or that it was about to be instituted at the time of defendant's actions. But if the official proceeding was not pending at the time of the defendant's conduct, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant at that time.

[In addition, the law requires that there be a connection or relationship in time, causation, or logic between the obstructive act and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.]

As for the fourth element, to act "corruptly," the defendant must have a wrongful or an unlawful purpose. The defendant must also act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

The proceeding that is alleged to be the object of the conduct Count Three is a federal grand jury investigation into the attack on January 6, 2021. But the government is not required to show that the defendant's sole intent was to impair the object's availability for a foreseeable grand jury proceeding.

While the proceeding involved does have to be a federal proceeding, the government does not have to prove that defendant knew that the grand jury proceeding was a federal (as opposed to a local) proceeding.

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – COUNT 10**

**18 U.S.C. § 1752(a)(1) and (b)(1)(A)**

**The government must prove each of the following elements beyond a reasonable doubt:**

1. First, that the defendant entered or remained in a restricted building [or grounds] without lawful authority to do so.[1]

2. Second, that the defendant did so knowingly.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area [of a building] [within the Capitol and its grounds] where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, one may consider all of the evidence, including what the defendant did or said.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:   that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:  that the defendant did so knowingly.

---

1   The parties' proposed jury instruction referred only to a restricted "building," but the indictment charged entering and remaining in a restricted building or grounds. The elements are largely the same, and the parties can inform the Court at the time of trial if the count has been narrowed by agreement.

## COUNT TWO: OBSTRUCTION OF AN OFFICIAL PROCEEDING, AIDING AND ABETTING

**18 U.S.C. §§ 1512(c)(2), 2**

**The government must prove each of the following elements beyond a reasonable doubt:**

1. First, the defendant attempted to, or did obstruct or impede an official proceeding;

2. Second, the defendant intended to obstruct or impede the official proceeding;

3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and

4. Fourth, the defendant acted corruptly.

For the first element, the term "official proceeding" includes a proceeding before the Congress. If the official proceeding was not pending or about to be instituted at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Two, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

The word "attempt" in the first element means that the defendant had the intent to do the act and took a substantial step towards completing it. In connection with that, it would not be enough to show merely that the defendant thought about it. The evidence must prove beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If the government proves either that the defendant knowingly committed the act or attempted to commit it, the first element is satisfied.

For the third element, a person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

The law requires that there be a connection or relationship in time, causation, or logic between the obstructive act or attempt and the proceeding; that is, the government must show that the defendant had knowledge that his actions were likely to affect the proceeding.

With respect to the fourth element, to act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must act with "consciousness of wrongdoing," which means with an understanding or awareness that what the

person is doing is wrong or unlawful.

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose. A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

### Aiding and Abetting

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing the offense or attempting to commit the offense, the government must prove beyond a reasonable doubt:

1. First, that others committed, or attempted to commit, obstruction of an official proceeding, by committing each of the elements of the offense charged;

2. Second, that the defendant knew that obstruction of an official proceeding was going to be committed by others, or was being committed by others, or that others were attempting to commit it;

3. Third, that the defendant performed an act or acts in furtherance of the offense;

4. Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense of obstruction of an official proceeding; and

5. Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense of obstruction of an official proceeding.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, the fact finder may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough to prove the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, one cannot find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The United States must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

To show that the defendant performed an act or acts in furtherance of the offense charged, the United States needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law. [1]

---

[1] Given the parties' agreement to this language, the Court will use it to guide its own deliberations with respect to the aiding and abetting theory also charged in Count Two. The Court has previously utilized a slightly different instruction, though, and it would be equally willing to utilize it if the parties both agree:

> A person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. The person is as guilty of the crime as she would be if she had personally committed each of the acts that make up the crime.
>
> To find that a defendant aided and abetted the commission of a crime by another, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by her actions to make it succeed.
>
> Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence at the place and time the crime is committed is not by itself sufficient to establish guilt as an aider and abettor. However, mere presence can be enough if it was intended to and did help in the commission of the crime.
>
> The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. Nor does the government need to prove that the principal offender or offenders and the person alleged to be the aider and abettor directly communicated with each other.
>
> Regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that he personally acted with the intent to obstruct or impede the official proceeding; that he personally acted knowingly; and that he personally acted corruptly.
>
> It is not necessary that all people who committed the crime be caught or identified. But you must find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted them in committing the crime.